UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
......................................................................................x
THE ANNUITY ET AL

                        Docket No. 17 CIV 3670 (KPF)

               Plaintiff,

-against-

TIGHTSEAL CONSTRUCTION INC.

                             THIRD PARTY COMPLAINT

               Defendants.

.............................................................................. ….   x

TIGHTSEAL CONSTRUCTION INC.

MICHAEL DICKERSON

                Third Party Plaintiffs

      -against-

JUDLAU CONTRACTING, INC.

                Third Party Defendant

-----------------------------------------------------------------X

      Plaintiff, by its attorney, ALBERT VAN-LARE, ESQ., complaining of the third-party Defendant alleges the following:

## JURISDICTION AND VENUE

1.      Jurisdiction lies in this Court pursuant to 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

3. This court has jurisdiction over the original claim.

4. State law matters in this Complaint are brought pursuant to this Court's Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367.

## PARTIES

5. Tightseal Construction Inc (Tightseal). is a contractor engaged in construction business in New York.

6. Michael Dickerson (Dickerson) is the chief executive of Tightseal.

7. Dickerson is African American and over forty years old.

8. Judlau Contracting Inc., (Judlau) is a contractor engaged in construction business in New York.

9. Tightseal was a sub-contractor to Judlau in a project known as Construction of Queens Midtown Tunnel (project)

## FACTUAL ALLEGATIONS

10. The contract on the project was executed in or around November 2015.

11. Tightseal diligently performed all its responsibilities under the contract.

12. Under the terms of the contract and a subsequent Joint Check Agreement, (JCA) signed by the parties, Judlau was charged with the responsibilities for paying union employees' fringe benefits to their welfare funds.

13. The welfare funds that were supposed to be paid by Judlau and their representatives are the original plaintiffs in this action.

14. Under the terms of the JCA, Judlau as the main contractor would collect the contributions due the welfare funds from money payable to Tightseal and Judlau would carry out the

fiduciary duty of paying the union employee's fringe benefits by making the payments to the welfare funds directly without the money passing through Tightseal.

15. Upon information and belief Judlau initially paid the welfare funds and then ceased payments to the funds for undisclosed reasons.

16. Tightseal never had access to the money Judlau was paid for the purpose of express transmission to the subject welfare funds.

17. Judlau also improperly terminated Tightseal contract by acting in bad faith and terminating the contract for reasons that are based on racial animus.

18. Although Tightseal faithfully executed its contract and performed impressively Tightseal was subjected to constant barrage of racial slurs through the abuse of its chief executive, Michael Dickerson was constantly called racial slurs and the N word by the project manager.

19. Although Mr. Dickerson protested the use of racially derogatory language in addressing him, the project manager did not stop.

20. The use of racially offensive language began when Dickerson started work on the project and did not stop until Dickerson's contract was abruptly terminated under the false guide that Tightseal was not performing.

21. Tightseal was performing impressively and was managing the contract allocated to it very well

22. There was no reasonable reason to support the termination of Tightseal contract

23. The termination of Tightseal contract violated the agreement between the parties.

24. Tightseal is a minority owned business and Judlau had secured the contract by presenting Tightseal as its minority partner in fulfilment of the requirement that minorities be considered for business opportunities.

25. As soon as Judlau was awarded the contract and Tightseal began to work Judlau and its project manager began to find unnecessary fault with Tightseal in order to terminate the contract and bring in some other entity they favored.

26. Judlau abused the status of Tightseal as a minority-owned business enterprise to seek a contract and then terminate the minority contractor without a legitimate reason in order to get rid of the minority contractor in an abusive way.

27. The project manager created a very hostile work environment for Michael Dickerson by constantly berating him with abusive racially derogatory words and telling him to get the hell out of the site.

28. Although Tightseal got the contract in a fair way and on merit Judlau and it agents acted with reckless disregard for his right to be protected from harassment and intimidation at work.

29. He was constantly told he was lucky to get the contract notwithstanding the fact that he got the contract on merit.

30. Judlau engaged in discriminatory acts against Tightseal and against Dickerson

31. Judlau caused Tightseal and Dickerson anguish and unnecessary loss of income when Judlau summarily terminated their contract

32. By terminating the contract between the parties in bad faith and in violation of the terms of the contract Judlau breached the agreement between the parties.

33. Tightseal and Dickerson reached out to Judlau after contract was terminated but Judlau chose not to respond.

## AS AND FOR A FIRST CAUSE OF ACTION

34. Paragraphs 1 thru 33 are realleged as if set forth herein verbatim and incorporated by reference.

35. Defendant violated Plaintiffs' rights under Article 15 of the New York Executive Law, New York Executive Law Section 296(1) by engaging in unlawful discriminatory practices against Plaintiffs.

36. Defendant discriminated against Plaintiffs because of race when they were subjected to unlawful discriminatory practices.

## AS AND FOR A SECOND CAUSE OF ACTION

37. Paragraphs 1 thru 36 are realleged as if set forth herein verbatim and incorporated by reference.

38. Plaintiffs were damaged by Defendant's actions that denied them equal terms and conditions of employment as set forth above, in violation of section 8-107.1 of the Administrative Code of the City of New York.

39. Defendant violated Plaintiffs' rights pursuant to section 8-107.1 of the Administrative Code of the City of New York by discrimination against Plaintiff based on age

## AS AND FOR A THIRD CAUSE OF ACTION

40. Paragraphs 1 through 39 are realleged as if set forth herein verbatim and incorporated by reference.

41. Plaintiffs were damaged by Defendant's violation of Civil Rights Act of 1866, 42 USC 1981. The Act provides in pertinent part, that "(a) ll persons shall have the same right to make and enforce contracts as is enjoyed by white citizens."

42. Defendant violated the Civil Rights Act of 1866 when they subjected Plaintiffs to discrimination in the work place.

## AS AND FOR A THIRD CAUSE OF ACTION

43. Paragraphs 1 through 42 are realleged as if set forth herein verbatim and incorporated by reference.

44. Defendant breached the contract between the parties.

45. Plaintiffs were damaged by Defendant's breach of the contract between the parties.

## **CLAIM FOR RELIEF**

WHEREFORE, Plaintiffs demand the following relief against Defendant or as otherwise stated:

a. A Declaratory judgment that the conduct, practices, and acts complained of herein are discriminatory and illegal.

b. A Declaratory judgment that Plaintiff was discriminated against on the basis of race by Defendants.

c. An order reinstating Plaintiff back to the subject contract or payment lieu of reinstatement.

  d. An order directing payment of all lost funds, wages and benefits and any funds due the original plaintiff, if any by Judlau.

  e. An order that Defendant breached agreement between the parties.

  f. An order granting damages in an amount to be proven at trial.

  g. That the Court tax the costs of this action against Defendant, including Plaintiff's attorney's fees incurred in the prosecution of this case.

  h. Any and all further relief in law and equity deem necessary by the Court.

Respectfully submitted,

The Law Offices of Albert Van-Lare

125 Maiden Lane, Suite 510

New York, NY 10038

Tel. 212 608-1400

*Albert Van-Lare*

By: _____

  Albert Van-Lare